[Civ. No. 2203. Third Appellate District.—November 15, 1920.]

ELLA RYAN, etc., et al., Petitioners, v. Honorable C. O. BUSICK, etc., et al., Respondents.

[1] CONTEMPT—DISOBEDIENCE OF RESTRAINING ORDER—DISCHARGE OF RESPONDENTS.—On this application for an order adjudging the respondents in contempt for an alleged violation of a temporary restraining order of the appellate court, it is held that they were merely acting as officers of the law in the discharge of what they conceived to be their duty, and that no contempt was intended or committed.

APPLICATION for an order adjudging respondents in contempt of court. Denied.

The facts are stated in the opinion of the court.

Meredith, Landis & Chester and White, Miller, Needham & Harber for Petitioners.

Hugh B. Bradford, District Attorney, and J. R. Hughes, Assistant District Attorney, for Respondents.

PREWETT, P. J., *pro tem.*—This is a proceeding auxiliary to a matter pending in this court wherein the above-named petitioners prayed for a writ of mandate against the superior court and Honorable C. O. Busick, judge thereof, which prayer was denied on August 25th last. In that proceeding a restraining order *pendente lite* was issued. A few days after the entry of judgment denying the prayer of the petition the respondents proceeded to enforce the decree in the original action, the subject matter of the application for the writ and restraining order.

Petitioners filed in this court their affidavit on proceedings to bring respondents into contempt for failure to observe the terms of the restraining order. An order to show cause was issued on August 30th last and the matter has remained on the calendar since that date awaiting the filing of briefs by the respective parties. The matter ripened for decision only on November 10th.

[1] The petitioners contend that, as the judgment of a district court of appeal does not become final until the lapse of the constitutional period of thirty days after rendition, the temporary restraining order which accompanied the alternative writ of mandate in this case continued in force for a like period. At the hearing on this contempt proceeding it was freely conceded by counsel for the petitioners that the respondents intended no contempt. In truth, it is wholly obvious that they were merely acting as officers of the law in the discharge of what they conceived to be their duty. It was shown that they examined into the matter with great care before proceeding. It clearly appears that, if any contempt was committed, it was purely technical. Even conceding that there existed a technical contempt, we conceive that the ends of justice and the dignity of the court would be conserved by discharging the order. However, we have examined the entire record with care and we are persuaded that respondents are not in contempt.

The order to show cause is vacated and the proceeding dismissed.

Burnett, J., and Hart, J., concurred.